**HUTTA, Appellee,**

v.

**HUTTA, Appellant.**

[Cite as *Hutta v. Hutta*, 177 Ohio App.3d 414, 2008-Ohio-3756.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 06–CAF11–0085.

Decided July 28, 2008.

Babbitt & Weis L.L.P., Gerald J. Babbitt, and C. Gustav Dahlberg, for appellee.

Wolinetz Law Offices, L.L.C., Barry H. Wolnetz, and Amanda C. Baker, for appellant.

DELANEY, Judge.

{¶ 1} Defendant-appellant, Kelley L. Hutta, appeals the judgment entry of divorce issued by the Delaware County Court of Common Pleas on October 19, 2006. The underlying facts are as follows.

{¶ 2} Appellant and plaintiff-appellee, J. Lawrence Hutta, were married on June 11, 1983, and three daughters were born as issue of their marriage. Two of the children are now emancipated. Appellee filed for divorce on July 12, 2004, after 21 years of marriage. Appellee is self-employed through his orthodontic practice, J. Lawrence Hutta D.D.S., Inc. The trial court established that his salary is $258,000 per year for purposes of determining spousal support. Appellant, who has an associate's degree, was a career homemaker for a majority of the marriage. It was estimated she is currently able to earn a salary of $20,000 to $25,000 per year. At the time of the divorce, both parties were in their late forties and in good health.

{¶ 3} After nearly two years of litigation, the parties reached an agreement on all issues except spousal support and attorney fees, which were submitted to the magistrate for determination. The magistrate concluded that appellant was entitled to spousal support in the amount of $9,708 per month for eight years.

The magistrate also ruled that each party was responsible for his or her own attorney fees. Each side filed objections to the magistrate's decision, which the trial court overruled with the exception of finding that the magistrate inadvertently omitted the automatic termination of spousal support upon remarriage or death of either party. The trial court retained jurisdiction over the issue of spousal support as to both amount and duration.

{¶ 4} Appellant timely appealed and herein raises the following two assignments of error:

{¶ 5} "I. The trial court erred in issuing an inadequate spousal support award both as to the amount and duration.

{¶ 6} "II. The trial court erred in the award of attorney fees as it did not take into consideration the substantial fees incurred as a result of plaintiff-appellee's conduct, the disparity in the assets awarded, disposable after tax incomes, temporary orders and that plaintiff-appellee will be able to maintain his prior lifestyle and defendant-appellant cannot."

I

{¶ 7} In her first assignment of error, appellant contends that the trial court erred in determining both the amount and duration of spousal support.

{¶ 8} Specifically, appellant contends that the trial court (1) failed to consider all relevant statutory factors under R.C. 3105.18(C) in determining spousal support; (2) failed to set forth a factual basis for the award with the required specificity; (3) failed to award an adequate amount to maintain the marital standard of living after termination of the marriage; and (4) failed to make the spousal support award indefinite.

{¶ 9} We begin our analysis with a brief overview of the purpose of spousal support in divorce cases and the applicable statutory provisions. Spousal support is property set aside for the specific and definite purpose of supporting and maintaining the former spouse. Spousal support is an independent matter from child support. The obligation to support a spouse is based on the marriage contract and on R.C. 3103.03, which requires a married person to support his or her spouse. Awards of spousal support are not limited to meeting the needs of the requestor; rather, current Ohio law directs the trial court to use a broad standard in determining whether support is reasonable and appropriate. See generally, Sowald and Morganstern, Domestic Relations Law (4th Ed.2002) Section 13.8.

{¶ 10} Pursuant to R.C. 3105.18(B), a trial court may award reasonable spousal support to either party upon request and after the court determines the division or disbursement of property under R.C. 3105.171.

{¶ 11} In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, terms of payment, and duration of spousal support, R.C. 3105.18(C)(1) directs the trial court to consider all 14 factors set forth therein:

{¶ 12} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

{¶ 13} "(b) The relative earning abilities of the parties;

{¶ 14} "(c) The ages and the physical, mental, and emotional conditions of the parties;

{¶ 15} "(d) The retirement benefits of the parties;

{¶ 16} "(e) The duration of the marriage;

{¶ 17} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

{¶ 18} "(g) The standard of living of the parties established during the marriage;

{¶ 19} "(h) The relative extent of education of the parties;

{¶ 20} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

{¶ 21} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

{¶ 22} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

{¶ 23} "($l$) The tax consequences, for each party, of an award of spousal support;

{¶ 24} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

{¶ 25} "(n) Any other factor that the court expressly finds to be relevant and equitable."

{¶ 26} In addition, R.C. 3105.18(C)(2) states that in determining whether spousal support is reasonable and in determining the amount and terms of

payment of spousal support, each party shall be considered to have contributed equally to the production of marital income.

{¶ 27} Trial courts must consider all of the factors listed in R.C. 3105.18(C). However, this court has previously held that a trial court need not acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C), and we may not assume that the evidence was not considered. *Clendening v. Clendening,* Stark App. No. 2005CA00086, 2005-Ohio-6298, 2005 WL 3150321, at ¶ 16, citing *Barron v. Barron,* Stark App. No. 2002CA00239, 2003-Ohio-649, 2003 WL 294353. The trial court must set forth only sufficient detail to enable a reviewing court to determine the appropriateness of the award. Id., citing *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197.

{¶ 28} As an initial matter, we find that the trial court's decision includes sufficient information regarding the 14 "(18)(C)" factors to enable us to assess whether the award is fair, equitable, and in accordance with the law. We note that an award of spousal support will be reversed on appeal only if an abuse of discretion is shown. *Bechtol v. Bechtol* (1990), 49 Ohio St.3d 21, 24, 550 N.E.2d 178, 181. The term "abuse of discretion" connotes more than an error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or capricious. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. A reviewing court may not substitute its judgment for that of the trial court unless, considering the totality of circumstances, the trial court abused its discretion. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597.

{¶ 29} We now return our attention to the record in this case. The record demonstrates that the parties enjoyed a luxurious standard of living during the marriage due to appellee's successful orthodontic practice. The parties owned a large custom-built home in a golf course community and a $5 million Florida condominium. They privately educated their children. They lavished expensive gifts, allowances, and automobiles upon family members. During the marriage, appellee engaged in numerous extramarital affairs, including some with office staff. Appellant had the primary responsibility of raising the three children and maintaining the household. There is no evidence that appellant pursued or developed a career outside the home at any point during the marriage, although she did periodically assist with office-support functions such as bookkeeping.

{¶ 30} On April 4, 2006, an agreed entry was filed by the parties in the trial court relating to the division of the parties' substantial marital property. Pursuant to this agreement, an equalization of assets and liabilities was achieved, in which each side received approximately $3 million dollars in assets. The property settlement provided, in part, for appellee to buy appellant's marital interest in

the orthodontic practice and four parcels of commercial real estate at agreed-upon values. In addition, appellant was to receive a lump sum payment of $789,460 from appellee on certain dates after termination of the marriage in order to achieve equalization. The parties also split equally the value of retirement accounts pursuant to a Qualified Domestic Relations Order.

{¶ 31} Upon submission of the issue of spousal support to the trial court[1], appellant requested that the amount of spousal support be determined upon appellee's income from all known sources after the division of property. This would include rental property income, annual salary, taxable K–1 income from the orthodontic practice, and personal expenses paid from the K–1 income.[2] However, the trial court refused to consider appellee's income generated from the property appellee retained after the property settlement in determining spousal support. The trial court stated: "The Court supports the Magistrate's Decision in finding that the Defendant–Wife, in the award of spousal support, is limited to an analysis which contains the Plaintiff–Husband's salary income from his orthodontic practice." The trial court believed it was "double-dipping" for the appellant to request spousal support based upon appellee's continuation of the orthodontic practice once she sold her half of the practice. The trial court further stated, "Just as the Defendant–Wife could take the money she received from her half of the dental practice and invest it in any way that she sees fit, the Plaintiff–Husband is taking his investment and continuing his orthodontic practice." Id.

{¶ 32} We now turn to the merits of appellant's first assignment of error.

{¶ 33} It is appellant's contention that the trial court abused its discretion in considering only appellee's salary of $258,000 as his "income" under the first factor set forth in R.C. 3105.18(C)(1). We agree.

{¶ 34} We find the trial court's refusal to consider appellee's additional income to be contrary to the express language of R.C. 3101.18(C)(1) and unsupported by existing case law. R.C. 3105.18(C)(1)(a) directs the trial court to consider "[t]he income of the parties, from *all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code*." (Emphasis added.). In light of this statutory mandate, the

---

**1.** This court has previously recognized that notwithstanding the award of a substantial financial base to a spouse pursuant to the division of assets, a trial court must still determine whether a need for spousal support still exists. *Bagnola v. Bagnola,* Stark App. No. 2003CA00120, 2003-Ohio-5916, 2003 WL 22501764.

**2.** "K–1 income" refers to ordinary income reported on IRS Schedule K, Line 1, of Form 1120S on the income tax return of an S Corporation. For tax years 2000, 2001, 2002, 2003 and 2004, appellee reported K–1 income from the orthodontic practice as $549,723; $442,740; $321,271; $337,755 and $401,844, respectively.

income generated by the business interests retained by appellee pursuant to the division of marital assets needed to be evaluated and considered by the trial court in determining the appropriate amount of spousal support, along with the remaining 18(C) factors.

{¶ 35} In addition, the double-dipping argument advanced by appellee and adopted by the trial court was rejected by this court in *Bagnola v. Bagnola,* Stark County App. No. 2003–CA–00120, 2003-Ohio-5916, 2003 WL 22501764 (basing division of marital assets on business valuations that were based on husband's earned income from three businesses, while also basing award of spousal support on same earned income, did not result in improper "double dipping" for wife).

▇ {¶ 36} By refusing to consider the significant income that appellee derived from property obtained pursuant to the property settlement, we find that the trial court erred as a matter of law. We also find that the trial court abused its discretion under the totality of evidence presented, which included the parties' standard of living, the long duration of the marriage, the disparate income and earning power of the parties, and appellant's responsibility for caring for the children.

▇ {¶ 37} Appellant further challenges the trial court's decision to award spousal support for only eight years, which coincides with the parties' youngest child's reaching the age of 22. Appellant contends that the trial court erred in not awarding spousal support for an indefinite period of time. Appellant relies upon *Kunkle v. Kunkle,* (1990) 51 Ohio St.3d 64, 554 N.E.2d 83, for the proposition that indefinite spousal support may be appropriate under the circumstances of this case (i.e., marriage of long duration, a homemaker spouse with little opportunity to seek meaningful employment outside the home).

{¶ 38} Appellee argues that there is no statutory requirement for a trial court to make an order of spousal support indefinite in cases involving marriages of long duration, although a trial court may do so under reasonable circumstances.

{¶ 39} In *Kunkle,* 51 Ohio St.3d 64, 554 N.E.2d 83, the Ohio Supreme Court held, at paragraph one of the syllabus: "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."

{¶ 40} We agree with appellee's contention that *Kunkle* should not be read to mandate permanent spousal support in marriages of long duration. See also

*Sears v. Sears*, Stark App. No. 2001CA00368, 2002-Ohio-4069, 2002 WL 1821954 (affirming denial of permanent spousal support in case involving 34-year marriage with both spouses in their mid-50s).

{¶ 41} However, under the financial facts and circumstances of this case, and being mindful of the purpose of spousal support, we are persuaded that the trial court abused its discretion in limiting spousal support duration to eight years without any stated justification. At the time of divorce, appellant was age 49. Thus, spousal support would terminate at age 57. The evidence reflected an unlikelihood that appellant could develop a meaningful career outside the home, and she would be unable to access retirement accounts until age 59 ½ or Social Security benefits at age 62. Thus, there exists a gap of at least one and a half years to five years when appellant would be without support maintenance before she reaches retirement age. Appellee certainly has the resources and ability to provide continued support until appellant could achieve retirement age. The record simply does not support the trial court's determination that eight years was reasonable and nor does it provide insight to support the trial court's reasoning in this regard.

{¶ 42} Accordingly, we sustain appellant's first assignment of error.

## II

{¶ 43} Appellant's second assignment of error alleges that the trial court erred in denying her request for a reasonable attorney-fee award. The trial court ordered each party to pay his or her own attorney fees and litigation expenses.

{¶ 44} Appellant argues the failure to award appellant any attorney fees was inequitable, against the manifest weight of the evidence, and an abuse of discretion. Appellant claims it is inequitable to have her draw on her marital property award to pay outstanding fees, while appellee has the greater ability to pay the attorney fees.

{¶ 45} R.C. 3105.73(A) governs the award of attorney fees and litigation expenses in domestic relations cases and provides: "In an action for divorce * * * or an appeal of that action, a court may award all or part of the reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate."

{¶ 46} The awarding of attorney fees is within the sound discretion of the trial court. *Howell v. Howell*, 167 Ohio App.3d 431, 2006-Ohio-3038, 855 N.E.2d

533. Therefore, we must also review this issue under an abuse-of-discretion standard.

{¶ 47} In this case, the trial court examined the conduct of the parties throughout the litigation, the amount of fees expended on both sides, and the assets of the parties in determining that it was equitable for each party to bear his or her own fees and expenses.

{¶ 48} We find that the trial court properly considered appellant's ability to pay her own attorney fees and expenses considering the equal division of substantial marital assets in this case. As previously noted, R.C. 3105.73(A) expressly lists the "parties' marital assets and income" as a factor the court may consider in determining whether an award of attorney fees is equitable. Upon review of the record, we cannot say that the trial court's decision was "unreasonable, arbitrary or unconscionable" so as to amount to an abuse of discretion.

{¶ 49} Accordingly, appellant's second assignment of error is hereby overruled.

{¶ 50} For the foregoing reasons, the judgment of the Delaware County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

FARMER, J., concurs.

HOFFMAN, P.J., concurs in part and dissents in part.

HOFFMAN, Presiding Judge, concurring in part and dissenting in part.

{¶ 51} I concur in part and dissent in part from the majority's disposition of appellant's first assignment of error. I agree that R.C. 3105.18(C)(1) directs the trial court to consider the income that appellee derives from all sources in determining the appropriate amount of spousal support including his income from his Subchapter S dental practice corporation. Specifically, any monetary benefits that appellee receives from the S-corporation whether in the form of reimbursement of personal expenses or provision of personal benefits, in addition to his annual salary, should be attributed to appellee as income.

{¶ 52} However, I fear the majority opinion may be broadly construed to hold that all the corporation's K–1 gross income should be attributable to appellee. I write to clarify that I believe that only the net income of the corporation, after deduction of corporate expenses (including appellant's salary) may be considered, in addition to appellee's salary, when determining spousal support.

{¶ 53} I find *Bagnola* conceptually distinguishable from the case sub judice. In *Bagnola,* this court held that the trial court's valuation and division of the marital business assets based on the "earned income" that appellant derived from it and the utilization of the same figures for calculation of spousal support did not result in double dipping. I agree. However the situation in the case at hand is not the same as that presented in *Bagnola.* Adding the entire gross K–1 income of the corporation after having already included appellant's annual salary from the corporation in determining spousal support essentially amounts to double-counting. I agree that the trial court should consider only the net income of the corporation after deducting corporate expenses including appellant's annual salary in determining Appellee's total income for spousal-support calculation.

{¶ 54} I respectfully dissent from the majority's conclusion that the trial court abused its discretion in limiting the spousal support duration to eight years. Although the majority proffers legitimate reasons for the trial court to select a different termination date for spousal support, I do not find the trial court abused its discretion in limiting the spousal support award to eight years.

{¶ 55} I concur in the majority's analysis and disposition of appellant's second assignment of error.