[Cite as *Hutta v. Hutta*, 2011-Ohio-2762.]

**[Please see nunc pro tunc opinion at 2011-Ohio-3041.]**

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| J. LAWRENCE HUTTA | : | Julie A. Edwards, P.J. |
|  | : | W. Scott Gwin, J. |
| Plaintiff-Appellee | : | William B. Hoffman, J. |
|  | : |  |
| -vs- | : | Case No. 10CAF040031 |
|  | : |  |
|  | : |  |
| KELLEY L. HUTTA | : | O P I N I O N |
|  |  |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:          Civil Appeal from Delaware County
                                                          Court of Common Pleas, Domestic
                                                          Relations Division, Case No.
                                                          04DRA070312

JUDGMENT:                                        Affirmed

DATE OF JUDGMENT ENTRY:           June 6, 2011

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

GERALD J. BABBITT                           WOLINETZ LAW OFFICE, LLC
503 S. Front Street, Suite 200            Barry H. Wolinetz
Columbus, Ohio  43215                      Kelly M. Gwin
                                                          250 Civic Center Drive, Suite 100
                                                          Columbus, Ohio  43215

*Hoffman, J.*

{¶1}  Defendant-appellant Kelley Hutta appeals a judgment of the Delaware County Common Pleas Court, Domestic Relations Division, ordering appellee J. Lawrence Hutta to pay her spousal support in the amount of $12,000.00 per month up to April 1, 2017.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}  Appellant and Appellee were married on June 11, 1983, and three daughters were born as issue of their marriage. Two of the children are now emancipated.

{¶3}  The parties enjoyed a luxurious standard of living during the marriage due to Appellee's successful orthodontic practice. The parties owned a large custom-built home in a golf course community and a $5 million dollar Florida condominium. They privately educated their children. They lavished expensive gifts, allowances and automobiles upon family members. Appellant had the primary responsibilities of raising the three children and maintaining the household.

{¶4}  Appellee filed for divorce on July 12, 2004, after 21 years of marriage. Appellee is self-employed through his orthodontic practice, J. Lawrence Hutta D.D.S., Inc. The trial court established that his salary is $258,000.00 per year for purposes of determining spousal support. Appellant, who has an associate's degree, was a career homemaker for a majority of the marriage. The trial court estimated she is currently able to earn a salary of $20,000.00 to $25,000.00 per year. At the time of the divorce, both parties were in their late forties and in good health.

{¶5} After nearly two years of litigation, the parties reached an agreement on all issues except spousal support and attorney fees, which were submitted to the magistrate for determination. The magistrate concluded Appellant was entitled to spousal support in the amount of $9,708.00 per month for eight years.

{¶6} Appellant filed an appeal. On July 28, 2008, this Court reversed and remanded, finding the trial court failed to consider the totality of the circumstances regarding spousal support, including Appellee's income after the property division, the parties' standard of living, the long duration of the marriage, the disparate income and earning power of the parties, and Appellant's responsibility for caring for the children. We further found the trial court abused its discretion in limiting spousal support to a duration of eight years without a stated justification, and in light of evidence that reflected an unlikelihood Appellant could develop a meaningful career outside the home as of the time support would terminate, and that she would be unable to access retirement accounts for at least one and a half years to five years after termination of support. *Hutta v. Hutta*, 177 Ohio App.3d 414, 894 N.E.2d 1282, 2008 -Ohio- 3756.

{¶7} Upon remand, the trial court heard testimony and the parties entered into certain stipulations, to wit: "the 'error date' for purposes of this remand is to be April 4, 2006; the stipulated vocational evaluation of the wife presented at the time of the original trial (indicating an income potential of up to $25,000) is to be used by the court; and the daily treasury 10 year rate, as of April 4, 2006, is 5.06%."

{¶8} After remand, the trial court ordered Appellee to pay Appellant spousal support in the amount of $9,708.00 per month from April 4, 2006, through April 1, 2009,

and $12,000.00 per month from April 1, 2009, through April 1, 2017. Appellant assigns four errors on appeal:

{¶9} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FAILED TO PROPERLY CONSIDER THE PARTIES' INCOMES FROM ALL SOURCES PURSUANT TO THIS COURT'S PREVIOUS OPINION AND PURSUANT TO R.C. 3105.18(C)(1).

{¶10} "II. THE TRIAL COURT ERRED WHEN IT IMPUTED WIFE'S PROPERTY SETTLEMENT AS CASH INCOME TO HER.

{¶11} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION REGARDING ITS DETERMINATION OF THE AMOUNT OF SPOUSAL SUPPORT PAYMENTS.

{¶12} "IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION REGARDING ITS DETERMINATION OF THE DURATION OF SPOUSAL SUPPORT PAYMENTS."

I

{¶13} In her first assignment of error, Appellant argues the magistrate failed to consider all of Appellee's income upon remand. Appellant argues it is unclear what amount of income the court actually attributed to Appellee.

{¶14} Although not requested, the magistrate issued findings of fact. While it is not clear the exact dollar amount of income the magistrate attributed to Appellee, the magistrate noted, in looking at the totality of the award and considering all sources of

income of the parties, the issue was not as simple as including a salary and K1[1] income from Appellee's company as suggested by Appellant. Finding of Fact 20. Therefore, it is apparent from the findings of the magistrate all sources of income were considered in fashioning an award, and the trial court found the magistrate considered the totality of the parties' income from all sources. The trial court also specifically noted Appellant failed to request specific findings of fact and conclusions of law.

{¶15} If a magistrate has not prepared findings of fact or has prepared findings of fact that are insufficient, the burden is on the party objecting to request findings of fact from the magistrate pursuant to Civ. R. 52 and Civ. R. 53(E)(2). *Rush v. Schlagetter* (April 15, 1997), Ross App. No. 96CA2215, unreported. By failing to request more specific findings of fact regarding what sources of income the magistrate considered, Appellant has waived any claim the magistrate did not consider all sources of income as recited in the findings of fact and the opinion of the trial judge overruling Appellant's objections.

{¶16} Appellant next argues the court erred in considering Appellant's ability to earn investment income of $111,500.00 from property she received in the parties' property settlement, while not similarly attributing income to Appellee from property he received, but has chosen not to use to increase income, such as a condominium in Florida and certain liquid cash assets.

{¶17} Again, in the absence of a request for more specific findings of fact and conclusions of law, we cannot determine what the court considered regarding the

---

[1] "K–1 income" refers to ordinary income reported on IRS Schedule K, Line 1, of Form 1120S on the income tax return of an S Corporation. For tax years 2000, 2001, 2002, 2003 and 2004, Appellee reported K–1 income from the orthodontic practice as $549,723; $442,740; $321,271; $337,755; and $401,844, respectively.

parties' ability to earn investment income from property received in the settlement, or its impact on the court's final spousal support award. The magistrate recites he considered each party's arguments and evidence regarding the other party's choice of investments and utilization of the assets received in the property settlement. Finding of Fact 23. The magistrate further noted he considered the ability of Appellee to continue to earn active income from his property as well as passive income from the fruits of his labor, and considered Appellant's ability to amass assets both now and in the future. Finding of Fact 24. The court found the magistrate considered the parties' asset and debt division both in type and amount. In the absence of a request for more specific findings of fact and conclusions of law, any claimed error in the specific investment income considered by the court is waived.

{¶18} The first assignment of error is overruled.

II

{¶19} In her second assignment of error, Appellant argues the court erred in including cash payments she received as part of her property settlement as income for purposes of spousal support.

{¶20} The magistrate found in Finding of Fact 9:

{¶21} "9. Kelly Hutta also testified. Her testimony also centered around each one of the factors in O.R.C. 3105.18. She testified regarding her budget, and indicated that that budget accurately reflected their standard of living in 2006. The Court order did not meet her needs. She related her testimony in the circumstances of the property settlement in that the numbers that were used did not reflect a lump sum award; but that most of the comes (sic) through on a periodic basis and will continue in that fashion. At

the time of the pending action he indicated that she required $15,878 per month to run the household – for the necessaries. Further testimony was elicited that this amount did not include monies that were already being paid by Mr. Hutta. She testified that the assumed standard of living of the parties was such that there were really no budgetary restraints during the course of the marriage and most of the bills were all paid off when received. The temporary orders indicated that husband was to pay $11,000 per month – plus the monthly mortgage and the other house and car related bills. She admits that he did do so during the pendency of the case. On cross examination she testified that she is receiving the $18,750 monthly nontaxable property settlement and that this coupled with the child support and the spousal support gives a cash income of approximately $39,000 per month. However, back on re-direct examination she indicated that a substantial amount of this property settlement is designed for just that – a property settlement – and was not required or anticipated to be utilized for specific monthly needs. This was for investment and to have assets."

{¶22} On objection by Appellant, the trial court modified this finding of fact:

{¶23} "However, from the review of the testimony as cited by Defendant herself, it is clear from the record that the Magistrate properly considered, but failed to properly indicate the wife's projected earnings (income) from her other property settlement provision (Tr Pg 195 line 10 et seq. and Tr pg 196 line 3 et seq). The investment income properly attributed to the wife totals an additional $111,500 per year to her plus the other categories of monthly cash flow as stated by the magistrate – adding in the approximate $10,000 per month to the mathematical 'error.' The Court finds that the finding should be modified as underlined to recite that *she is receiving the $18,750*

*monthly non-taxable property settlement **and approximately $10,000 per month of attributable investment income from other aspects of her property settlement**; that this coupled with the child support and the spousal support gives a cash flow of approximately $39,000 per month. …' (par 9. Pg 3.) (emphasis added by the court for clarity.)"*

{¶24} The record does not support Appellant's claim the court used her property settlement payments as income in the calculation of spousal support. It is clear from the entry the court considered this property settlement payment for the purposes of analyzing the money available to meet Appellant's claimed monthly budgetary needs. We note such consideration is specifically recognized as a factor in determining whether spousal support is appropriate and reasonable in R.C. 3105.18(C)(1)(i). Further, it is clear the court considered Appellant's argument that this property settlement payment was for investment and not for meeting monthly living expenses. We find, while the standard of living of the parties during the marriage was considered, it was not the factor given paramount importance in the determination of spousal support. The trial court seemed to be saying that spousal support and investment income should be sufficient to cover the appellant's basic living expenses and, if she wants to continue to live a luxurious lifestyle, she has the choice to dip into her property division proceeds. There is no legal requirement that incomes be equalized or that the lifestyle of the marriage be maintained at the same level by both parties after the divorce.

{¶25} We cannot conclude the trial court considered Appellant's installment payments of marital property to be income to her for purposes of meeting her reasonable monthly expenses.

**{¶26}** The second assignment of error is overruled.

III

**{¶27}** In her third assignment of error, Appellant restates her argument the trial court did not properly consider the parties' incomes from all sources. For the reasons stated in Assignments of Error One and Two, supra, this claim is without merit.

**{¶28}** Appellant next argues the trial court erred in awarding spousal support in the amount of $9,708.00 per month from April 4, 2006, through April 1, 2009, rather than increasing the amount to $12,000.00 retroactive to April, 2006. We disagree.

**{¶29}** In our first opinion, we found the trial court abused its discretion in the first spousal support award:

**{¶30}** "By refusing to consider the significant income that appellee derived from property obtained pursuant to the property settlement, we find that the trial court erred as a matter of law. We also find that the trial court abused its discretion under the totality of evidence presented, which included the parties' standard of living, the long duration of the marriage, the disparate income and earning power of the parties, and appellant's responsibility for caring for the children." *Hutta*, supra, ¶36.

**{¶31}** The magistrate set forth the following reasoning in support of prospective application of spousal support:

**{¶32}** "Because of the remand, and giving consideration of the parties each obeying the current order, there should be an adjustment, and the crafting of a creative order (less now-but longer) to attempt to eliminate any inequity to the parties as a result of retroactivity and the required collection of any arrears through the CSEA. The easy solution would be to merely state the order and duration, and allow the parties to hash

out payment arrangements. That is not fair, appropriate, or reasonable." Finding of fact 25.

**{¶33}** While we cannot determine what portion of the prospective award the trial court considered to be an adjustment for arrearages and what portion, if any, was for interest on the arrearages, we find the magistrate's (trial court's) proffered reason for not making the increased spousal support order retroactive to April 2006, to be reasonable and does not constitute an abuse of discretion despite the parties' stipulation April 2006 was the "error date."

**{¶34}** Appellant next argues the court abused its discretion in awarding only $12,000 in spousal support where her budgetary needs to maintain the standard of living the parties established during the marriage were much higher. We disagree. The trial court, on remand, ordered that the original monthly spousal support order of $9,708 be in effect from April 4, 2006 through April 3, 2009, and made the new monthly spousal support of $12,000 effective from April 4, 2009 through April 3, 2017. The trial court did this in order "to attempt to eliminate any inequity to the parties as a result of retroactivity. . ." The new spousal support order is also thirty-six months longer than the previous order. We note the new spousal support order after remand serves to increase the overall award by approximately $570,000. We find the trial court did not abuse its discretion in determining the amount of spousal support.

IV

**{¶35}** In her final assignment of error, Appellant argues the court erred in limiting spousal support to a duration of 11 years. In our first opinion, this Court held:

{¶36} "Appellant further challenges the trial court's decision to award spousal support for only eight years, which coincides with the parties' youngest child's reaching the age of 22. Appellant contends that the trial court erred in not awarding spousal support for an indefinite period of time. Appellant relies upon *Kunkle v. Kunkle,* (1990) 51 Ohio St.3d 64, 554 N.E.2d 83, for the proposition that indefinite spousal support may be appropriate under the circumstances of this case (i.e., marriage of long duration, a homemaker spouse with little opportunity to seek meaningful employment outside the home).

{¶37} "Appellee argues that there is no statutory requirement for a trial court to make an order of spousal support indefinite in cases involving marriages of long duration, although a trial court may do so under reasonable circumstances.

{¶38} " In *Kunkle,* 51 Ohio St.3d 64, 554 N.E.2d 83, the Ohio Supreme Court held, at paragraph one of the syllabus: 'Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.'

{¶39} "We agree with appellee's contention that *Kunkle* should not be read to mandate permanent spousal support in marriages of long duration. See also *Sears v. Sears,* Stark App. No. 2001CA00368, 2002-Ohio-4069, 2002 WL 1821954 (affirming

denial of permanent spousal support in case involving 34-year marriage with both spouses in their mid-50's).

**{¶40}** "However, under the financial facts and circumstances of this case, and being mindful of the purpose of spousal support, we are persuaded that the trial court abused its discretion in limiting spousal support duration to eight years without any stated justification. At the time of divorce, appellant was age 49. Thus, spousal support would terminate at age 57. The evidence reflected an unlikelihood that appellant could develop a meaningful career outside the home, and she would be unable to access retirement accounts until age 59 1/2 or Social Security benefits at age 62. Thus, there exists a gap of at least one and a half years to five years when appellant would be without support maintenance before she reaches retirement age. Appellee certainly has the resources and ability to provide continued support until appellant could achieve retirement age. The record simply does not support the trial court's determination that eight years was reasonable and nor does it provide insight to support the trial court's reasoning in this regard." *Hutta*, supra, ¶37-41.

**{¶41}** On remand, the court continued spousal support for an additional three years, at which time Appellant would be 60 years of age and able to access retirement accounts. The magistrate found:

**{¶42}** "The Court of Appeals discussed the age of 59 ½ and 62 as other termination dates. Kelly (sic) Hutta will be eligible for retirement distributions at approximately September 25, 2016, and eligible for Social Security in March, 2019."

**{¶43}** The magistrate concluded that termination at the age of 59 ½ was not appropriate, while neither is termination at the age of 62 or 65. Finding of Fact 24. The

magistrate found, from all the circumstances, by the time Appellant reaches the age of 60 she will have had a sufficient opportunity to have a reasonable retirement strategy in place, including a six month adjustment period as to accessing her own retirement sources.  Id. We find no abuse of discretion in the eleven year duration of spousal support on remand.

{¶44}  The fourth assignment of error is overruled.

{¶45}  The judgment of the Delaware County Common Pleas Court regarding the non-retroactivity of spousal support is reversed and this matter is remanded to the trial court to determine the amount of spousal support from April 4, 2006.  The trial court shall also calculate the arrearage due, with consideration of the stipulated interest rate, and make an appropriate order regarding payment, holding a hearing if necessary.  The judgment is affirmed in all other respects.

By: Hoffman, J.

Gwin, J. concurs

Edwards, P.J., dissents

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN

HON. JULIE A. EDWARDS

s/ W. Scott Gwin
HON. W. SCOTT GWIN

EDWARDS, J., CONCURRING IN PART, DISSENTING IN PART OPINION

{¶46} I concur with the majority as to its analysis and disposition of the first, second and fourth assignments of error but respectfully dissent from its analysis and disposition of the third assignment of error.

{¶47} I find it was an abuse of discretion for the trial court not to make the increase in spousal support retroactive to April 4, 2006, the stipulated error date. It is clear that we previously determined that the monthly spousal support as originally ordered was too low. Therefore, any increase in that original spousal support should be retroactive to the date the original order began and interest should be calculated upon arrearages due. The trial court's rationale for not making the spousal support retroactive is that it is "not fair, appropriate, or reasonable" to "allow the parties to hash out payment arrangements." I find that rationale non-persuasive. Courts make orders regarding arrearage payments all the time.

{¶48} I would remand this matter to the trial court to make the increase in spousal support retroactive to April 4, 2006, and to make orders regarding the payment of arrearages plus interest on that amount.

{¶49} It is also clear to me that the trial court did not intend to order spousal support to be $12,000.00 per month from April 4, 2006, because that amount was not made effective by the trial court until April 1, 2009. Therefore, on remand I would expect the trial court to calculate a figure somewhat less than $12,000.00 per month to be effective April 4, 2006.

{¶50} The majority found that the overall increase in spousal support after remand was approximately $570,000.00 and was not an abuse of discretion. I

disagree. Our remand to the trial court from the first appeal sent a clear message to the trial court that spousal support was too low and was of insufficient duration. The duration matter was adequately addressed on remand. But, the increase in spousal support calculates to $1,666.91 per month. ($9,708.00 x 36 months = $349,488.00 plus $12,000.00 x 96 months = $1,152,000.00 for total spousal support of $1,501,488.00. $1,501,488.00 ÷ 132 months = $11,374.91 per month. $11,374.91 - $9,708.00 = $1,666.91).

**{¶51}** In our prior opinion, we found, "By refusing to consider the significant income appellee derived from property obtained pursuant to the property settlement, we find the trial court erred as a matter of law. We also find the trial court abused its discretion under the totality of evidence presented which included the parties' standard of living, the long duration of the marriage, the disparate income and earning power of the parties, and appellant's responsibility for caring for the children." *Hutta v. Hutta* 177 Ohio App.3d 414, 2008-Ohio-3756, 894 N.E.2d 1282, at ¶ 36.

**{¶52}** Appellee's salary is $258,000.00 per year, and the initial spousal support of $9,708.00 per month was calculated using that amount. Appellee's net K-1 income per year is approximately $280,000.00 per year. The K-1 income does not include rental property income. I would find it to be an abuse of discretion for the trial court to increase spousal support by $1,667.00 per month when considering, at a minimum, additional income of appellee of $280,000.00 per year. Considering the additional factor of the tax consequences of spousal support (taxable to appellant, deductible to appellee), that $1,667.00 shrinks to approximately $1,000.00 per month

which will be paid by appellee and approximately $1,200.00 per month which will be received by appellant.

{¶53} The trial court is under no obligation to income-equalize the parties, and the appellant is receiving her property division very soon after the divorce. She didn't have to wait until the appellee sold his business or sold real estate. But even with those considerations in mind, based on the remand language of the prior appeal, I would find the trial court abused its discretion regarding the amount of spousal support.

s/ Julie A. Edwards_____

Judge Julie A. Edwards

[Cite as *Hutta v. Hutta*, 2011-Ohio-2762.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| J. LAWRENCE HUTTA | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KELLEY L. HUTTA | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10CAF040031 |

For the reasons stated in our accompanying Opinion on file, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


_____
HON. JULIE A. EDWARDS


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN