[Cite as *Osborn v. Osborn*, 2013-Ohio-5065.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KERRY D. OSBORN | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13 CAF 03 0015 |
| | : | |
| KATHRYN N. OSBORN | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court
                              of Common Pleas, Domestic Relations
                              Division, Case No. 10 DR A 7 382



JUDGMENT:                     AFFIRMED



DATE OF JUDGMENT ENTRY:       November 7, 2013



APPEARANCES:

For Plaintiff-Appellant:              For Defendant-Appellee:

BEVERLY J. FARLOW                     ROBERT A. KOBLENZ
270 Bradenton Ave., Suite 100         35 East Livingston Ave.
Dublin, OH 43017                      Columbus, OH 43215

*Delaney, J.*

{¶1} Plaintiff-Appellant Kerry D. Osborn appeals the February 6, 2013 judgment entry of the Delaware County Court of Common Pleas, Domestic Relations Division.

## FACTS AND PROCEDURAL HISTORY

{¶2} Plaintiff-Appellant Kerry D. Osborn ("Husband") and Defendant-Appellee Kathryn N. Osborn ("Wife") were married on May 24, 1980. Two children were born as issue of the marriage, K.A.O. born on December 17, 1992 and K.L.O. born on May 29, 1987.

{¶3} Husband and Wife separated on May 8, 2010. Husband filed a complaint for divorce on July 26, 2010. Wife filed an answer and counterclaim on August 12, 2010.

{¶4} The matter came for trial before the magistrate on April 21, 2011. The parties resolved many issues prior to trial, but relevant to this appeal, the issue of spousal support remained pending. The following facts were adduced at the trial.

{¶5} At the time of the trial, Husband was 51 years of age and Wife was 52 years of age. Both parties were in good health. During the marriage, Husband worked full time and Wife earned her degree in nursing. Wife went to work full time as a nurse in 2008. Husband worked at Parsons Brinckerhoff Inc. as an area manager earning $78.21 per hour with an annual income of $162,676.80. Wife was employed at Ohio Health as a registered nurse earning $36.92 per hour with an annual income of $76,603.29.

{¶6} During the marriage, the parties incurred significant credit card debt estimated to be approximately $100,000.

{¶7} When the parties separated, Wife left the marital home and moved to a rental residence. K.A.O. lived with Wife. K.A.O. turned eighteen years old on December 17, 2010. She graduated from high school in June 2011.

{¶8} After trial but before the magistrate rendered a decision, Husband filed a motion to modify temporary orders on March 16, 2012. Husband requested a reduction in spousal support because he stated his job with Parsons Brinckerhoff Inc. was terminated on March 16, 2012.

{¶9} The magistrate issued a decision on June 26, 2012. Relevant to this appeal, the magistrate's decision ordered Husband to pay spousal support to Wife in the amount of $2,000 per month for a term of 156 months, calculated from the date of trial. The magistrate recommended the trial court reserve jurisdiction for the modification of duration and amount of the spousal support.

{¶10} Husband filed objections to the magistrate's decision on July 20, 2012. Wife filed cross-objections.

{¶11} The trial court determined additional evidence was necessary on Husband's motion to modify temporary orders. A hearing was held on August 31, 2012. At the hearing, Husband testified Parsons Brinckerhoff Inc. paid him severance pay in the amount of $81,338.00 less tax and payroll deductions beginning March 2012. This equated to six months gross pay. Husband obtained new employment with Michael Baker, Jr., Inc. on June 25, 2012. His annual compensation was $130,000 per year.

Starting June 2012, Husband was collecting both severance and a full time salary from his new employment.

{¶12} Wife testified she required joint replacement surgery on both knees scheduled for September 21, 2012 and shoulder surgery three months later. The surgeries required Wife to go on disability from her employment, thereby reducing her salary by approximately $30,000.

{¶13} On January 13, 2013, the trial court overruled the parties' objections. The Decree of Divorce was filed on February 6, 2013. It is from this judgment Husband now appeals.

## ASSIGNMENTS OF ERROR

{¶14} Husband raises six Assignments of Error:

{¶15} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING SPOUSAL SUPPORT TO DEFENDANT-APPELLEE.

{¶16} "II. THE COURT ERRED AS A MATTER [OF] LAW IN CONSIDERING DEFENDANT-APPELLEE'S EXPENSES FOR THE PARTIES' ADULT CHILDREN IN DETERMINING SPOUSAL SUPPORT.

{¶17} "III. THE COURT ABUSED ITS DISCRETION IN ASSIGNING INCOME TO PLAINTIFF-APPELLANT IN THE AMOUNT OF $162,676.80.

{¶18} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW IN BASING SPOUSAL SUPPORT AWARD ON RECEIVING THE BENEFIT OF GREAT EARNING POWER.

{¶19} "V. THE TRIAL COURT ABUSED ITS DISCRETION BY SETTING THE DURATION OF SPOUSAL SUPPORT AT 156 MONTHS FROM THE DATE OF TRIAL.

{¶20} "VI. THE COURT ERRED AS A MATTER OF LAW IN FAILING TO UNDERTAKE A DE NOVO REVIEW OF OBJECTIONS."

**ANALYSIS**

*I., II., IV.*

{¶21} We consider Husband's first, second, and fourth Assignments of Error together because they involve interrelated issues under R.C. 3105.18(C)(1). Husband argues the trial court abused its discretion in awarding Wife spousal support and used incorrect considerations in making the decision. We disagree.

{¶22} A trial court's decision concerning spousal support may be altered only if it constitutes an abuse of discretion. *Kunkle v. Kunkle,* 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St .3d 217, 450 N.E.2d 1140 (1983). R.C. 3105.18(C)(1)(a) through (n) sets forth the factors a trial court is to consider in determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, terms of payment, and duration of spousal support:

(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶23} Trial courts must consider all the factors listed in R.C. 3105.18(C). This court has previously held that a trial court need not acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C), and we may not assume that the evidence was not considered. *Hutta v. Hutta,* 177 Ohio App.3d 414, 2008–Ohio–3756, 894 N.E.2d 1282, ¶ 27 (5th Dist.), citing *Clendening v. Clendening,* 5th Dist. Stark No.2005CA00086, 2005–Ohio–6298, ¶ 16, citing *Barron v. Barron,* 5th Dist. Stark No.2002CA00239, 2003–Ohio–649. The trial court need set forth only sufficient detail to enable a reviewing court to determine the appropriateness of the award. *Id.,* citing *Kaechele v. Kaechele,* 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988).

{¶24} The magistrate's decision in the present case conducted a thorough and detailed review the R.C. 3105.18(C) factors. We first address the specific factors raised as errors in Husband's appeal to determine on the whole whether the trial court abused its discretion in awarding Wife spousal support.

<u>Emancipated Children</u>

{¶25} Husband argues in his second Assignment of Error the trial court erred in considering Wife's expenses for caring for their adult child, K.A.O. K.A.O. was born on December 17, 1992. When Wife left the marital home, K.A.O. came to live with Wife. At the time of trial, K.A.O. was 18 years old. She was scheduled to graduate high school in June 2011.

{¶26} In considering the R.C. 3105.18(C)(1)(n) factor, the magistrate's decision stated:

> The Magistrate finds that the continued needs of the two daughters, and their expectations have also driven the parties' finances. The testimony was probative that the youngest daughter looks to the mother for her assistance – even though emancipated and even [though] it is assumed that the child will be somewhat self-sustaining.

(Magistrate's Decision, June 26, 2012)

{¶27} Husband raised this finding as error in his objections to the magistrate's decision. The trial court overruled the objection and held:

> The sixth objection concerns the Magistrate's findings that since the children are emancipated, the parties no longer have a legal obligation for their children but may feel a need to assist them to pursue a higher education or assist them to self-sufficiency. The Court determines the latter phrase was merely insight and not included in any conclusion of law.

(Judgment Entry, Jan. 2, 2013)

{¶28} There is no dispute of fact that Husband's daughter reached the age of majority during the divorce proceedings. There was no evidence presented that K.A.O. was a special needs person as defined by R.C. 3119.86. Wife testified K.A.O. was employed but K.A.O. did not contribute towards household expenses. (T. 167). K.A.O. had applied to Columbus State and was seeking scholarships to pay for her college education. (T. 166). Wife offered to allow K.A.O. to live at home while K.A.O. attended college, but K.A.O. wanted to move out. (T. 167).

{¶29} The magistrate's decision conducted a detailed analysis of all the R.C. 3105.18(C) factors in order to reach the conclusion to award spousal support to Wife.

As the trial court ruled, the magistrate's consideration of the parents' duties for their daughter who turned 18 years old during the divorce proceedings was not a conclusion of law as to spousal support, but merely analysis under the R.C. 3105.18(C) factors.

{¶30} Husband's second Assignment of Error is overruled.

<u>Greater Earning Power</u>

{¶31} Husband argues in his fourth Assignment of Error the trial court erred when it based the spousal support award on Husband's greater earning power. The June 26, 2012 magistrate's decision held:

> As stated above, the Husband is requesting that no spousal support be awarded as being appropriate, as the wife has a source of income and career – the wife thinks that because of the marriage duration – at least there should be an equalization without a duration. Neither position is appropriate or reasonable. Certainly there is a consideration for the husband having sufficient greater income that he is paying expenses at an accelerated rate, to be able to be ordered to have the wife receive the benefit of his greater earning power. On the other hand the husband is not responsible to assist the wife until she dies. She is gainfully employed and has the ability to earn her own source of income; provide for her own source of retirement, without the husband seeing her benefits after retirement that have been already accounted for in part.

{¶32} The trial court overruled Husband's objections to the magistrate's decision:

The ninth objection states it was error for the Magistrate to find that the Plaintiff had sufficient greater income that he is able to be ordered to have the Defendant receive the benefit of his greater earning power. Plaintiff claims there is no Ohio law that includes "sufficiency of income" as a basis to pay monies to the Defendant.  ORC 3105.18(C)(1) provides factors in considering an award of spousal support that include the relative earning abilities of the parties and the incomes of the parties. Consideration of Plaintiff's "sufficient enough greater income" is within those factors.

{¶33} R.C. 3105.18(C)(1)(b) allows the trial court to consider the relative earning abilities of the parties.  Earning ability involves "both the amount of money one is capable of earning by his or her qualifications, as well as his or her ability to obtain such employment." *Carroll v. Carroll,* 5th Dist. Delaware No.2004–CAF–05035, 2004–Ohio– 6710.  The goal is "not to arrive at a specific figure * * * rather, the end result is to consider and weigh the spouses' relative earning abilities along with other factors in arriving at reasonable spousal support." *Valentine v. Valentine,* 9th Dist. Medina No. 11 CA0088–M, 2012–Ohio–4202 at ¶ 5.

{¶34} Husband argues the trial court incorrectly considered the sufficiency of Husband's income in determining whether to award spousal support.  Considering and weighing the spouse's relative earning abilities includes considering the sufficiency of the parties' income.  The evidence in this case shows that Husband earned more income than Wife did during the duration of the parties' marriage.  Pursuant to R.C.

3105.18(C)(1)(b), the trial court properly considered the parties' respective earning abilities.

{¶35} Husband's fourth Assignment of Error is overruled.

<u>Spousal Support</u>

{¶36} The trial court awarded Wife spousal support in the amount of $2,000 per month for 156 months. Husband argues the trial court abused its discretion when it awarded Wife spousal support. He contends Wife earns sufficient income to be self-supporting.

{¶37} Wife testified at the August 31, 2012 hearing that she required surgery on her knees and shoulder. The surgery would make it necessary for Wife to be on disability for six months from September 2012, which could reduce her income by $30,000 per year.

{¶38} Further, this was a long-term marriage. The parties were married for 31 years. The magistrate's decision analyzed in detail the presumptions under the law as to spousal support for a marriage of long duration. The trial court did not order permanent spousal support. It ordered spousal support to be for a period of time that would equal the time Wife would be able to access Husband's social security account without any substantial benefit reduction for early application. In *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 554 N.E.2d 83 (1990), the Ohio Supreme Court held, at paragraph one of the syllabus: "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the

termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities." We held *Kunkle* should not be read to mandate permanent spousal support in marriages of long duration. *Hutta v. Hutta*, 177 Ohio App.3d 414, 2008-Ohio-3756, 894 N.E.2d 1282, ¶ 40 (5th Dist.).

{¶39} Under the totality of the circumstances, we find no abuse of discretion in the trial court's decision regarding spousal support and our review of the record reveals the presence of credible evidence supporting both the magistrate and the trial court's determinations. Husband's first Assignment of Error is overruled.

*III.*

{¶40} Husband argues in his third Assignment of Error the trial court erred in assigning income to Husband in the amount of $162,676.80.

{¶41} At the time of the original trial, husband was employed by Parsons Brinckerhoff Inc. He earned $78.21 per hour with an annual income of $162,676.80. On March 16, 2012, Parsons Brinckerhoff Inc. terminated Husband's employment and paid him severance pay in the amount of $81,338.00 less tax and payroll deductions beginning March 2012. This equated to six months gross pay. Husband obtained new employment with Michael Baker, Jr., Inc. on June 25, 2012. His annual compensation was $130,000 per year. Starting June 2012, Husband was collecting both severance and a full time salary from his new employment. The magistrate's decision was filed on June 26, 2012, establishing Husband's income as $162,676.80.

{¶42} The trial court held a hearing on August 31, 2012 based on Husband's motion to modify. Husband argued the trial court should reduce his spousal support

obligation because of his job termination. The severance income ended on October 1, 2012, reducing his annual income to $130,000.

{¶43} The trial court ruled on Husband's motion to modify and objections to the magistrate's decision in its January 2, 2013 judgment entry. The trial court overruled the objection as to the amount of income assigned to Husband. The trial court found at the time of the magistrate's decision, Husband was earning $24,389.73 per month based on his severance pay and annual income from his new employment.

{¶44} Husband argues the severance pay was not a monthly income, but rather a lump sum payment. However, the record shows the severance package while paid in lump sum format, represented six months' pay. From 2011 to October 2012, Husband earned $162,676.80. We find no abuse of discretion in the decision to assign income to Husband in the amount of $162,676.80 based on the evidence presented at the April 21, 2011 hearing and August 31, 2012 hearing.

{¶45} Husband's third Assignment of Error is overruled.

*V.*

{¶46} Husband argues in his fifth Assignment of Error that the trial court abused its discretion in setting spousal support for a term of 156 months from the date of trial. We disagree.

{¶47} Trial was April 21, 2011. 156 months, or 13 years, from April 21, 2011 is April 21, 2024. Husband's date of birth is August 10, 1959. On April 21, 2024, Husband will be 64 years old.

{¶48} As we stated in the analysis of the first Assignment of Error, the magistrate's decision analyzed in detail the presumptions under the law as to spousal support for a marriage of long duration. The parties were married for 31 years.

{¶49} As we found above, there was no abuse of discretion for the trial court to award Wife spousal support. The trial court did not order permanent spousal support. It ordered spousal support to be for a period of time that would equal the time Wife would be able to access Husband's social security account without any substantial benefit reduction for early application. The term was 156 months from the date of trial.

{¶50} Husband argues the trial court committed a mathematical error in determining the duration of the spousal support. Husband states if the trial court's intent was for Wife to have spousal support until she could access Husband's social security, the trial court's calculation of 156 months was incorrect. The spousal support duration should be 124 months or when Husband turns 62. We disagree. The trial court's decision states, "wife would be able to access her husband's social security account without any substantial benefit reduction for early application." Early application for social security is available to Husband at age 62, but results in a substantial benefit reduction. When Husband is approximately age 65, Wife can access Husband's social security account without any substantial benefit reduction for early application, per the trial court's order. This equates 156 months.

{¶51} Husband's fifth Assignment of Error is overruled.

*VI.*

{¶52} Husband contends in his final Assignment of Error that the trial court failed to conduct a de novo review of the evidence when it ruled on the parties' objections to the magistrate's decision.

{¶53} Civ.R. 53(D)(4)(d) states:

If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

{¶54} Husband filed seventeen objections and fifteen supplemental objections to the magistrate's decision. The trial court held a hearing on August 31, 2012 to take additional evidence on spousal support and the division of the marital assets and liabilities. In the trial court's January 2, 2013 judgment entry, the trial court reviewed each of Husband's thirty-two objections to the magistrate's decision. The judgment entry states the trial court reviewed the magistrate's decision and the transcript to enter its rulings on the objections. The trial court complied with Civ.R. 53(D)(4)(d).

{¶55} Husband's sixth Assignment of Error is overruled.

**CONCLUSION**

{¶56} The six Assignments of Error of Plaintiff-Appellant Kerry D. Osborn are overruled.

{¶57} The judgment of the Delaware County Court of Common Pleas, Domestic Relations Division is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Farmer, J., concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER