[Cite as *Abiola v. Abiola*, 2015-Ohio-5414.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102519**

# PAUL ABIOLA

PLAINTIFF-APPELLANT

vs.

# LEASIE ABIOLA

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-13-350139

**BEFORE:** S. Gallagher, J., Celebrezze, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** December 24, 2015

**ATTORNEY FOR APPELLANT**

Robert Smith
Law Offices of Robert Smith, III, L.L.C.
3751 Prospect Avenue, Third Floor
Cleveland, Ohio    44115


**ATTORNEYS FOR APPELLEE**

Becky S. Blair
Law Offices of Becky Blair, L.L.C.
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio    44103

Mary V. G. Walsh
4403 St. Clair Avenue
Cleveland, Ohio    44103

SEAN C. GALLAGHER, J.:

**{¶1}** Plaintiff-appellant Paul Abiola appeals the amount of monthly spousal support awarded to defendant-appellee Leasie Abiola in this divorce action. Upon review, we affirm the judgment of the trial court.

**{¶2}** The parties to this action were divorced after 34 years of marriage. Two children, now both adults, were born as issue of the marriage. The eldest is disabled, and Leasie has been his sole caregiver since the parties separated.

**{¶3}** In the judgment entry of divorce, the trial court determined that the division of marital property should be substantially equal. The court detailed the assets of the parties and determined the total of the marital liquid assets was $135,500, which divided by two is $67,750 each. The court determined the value of assets held by Leasie was $24,500, which was comprised of her home valued at $21,500 and her vehicle valued at $3,000. The court awarded Leasie $43,250 from Paul's 401(k) account in order to equalize the division of assets.

**{¶4}** The court recognized in its decision that Paul had negative equity in his home of approximately $7,500. The court noted that the negative equity could be the result of fluctuating real estate values. Further, Leasie had entered into Chapter 13 Bankruptcy and the total debt under the plan was $56,000. The court found this to be a marital debt. The court recognized that Leasie will continue to pay $201 per month toward the debt through July 31, 2016. The court determined that "the payments made by [Leasie]

toward the Bankruptcy plan, all without assistance from [Paul], more than balance [Paul] having minimal negative equity in his residence."

**{¶5}** In determining spousal support, the court made the following findings as to the factors under R.C. 3105.18(C)(1):

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code: *The Plaintiff earned $77,610.00 per year through his employer Cuyahoga Community College in 2013; he continues to be employed at CCC. The Defendant received $29,042 per year in retirement benefits from OPERS. In addition, the Defendant receives $5,046.00 per year in benefits from the State of Ohio for the care giving services she provides the parties' adult son who lives with her and is disabled.*

(b) The relative earning abilities of the parties: *The parties each earn what they are able to earn.*

(c) The ages and the physical, mental, and emotional conditions of the parties: *The Plaintiff is 59 years of age and in fair health. The Defendant is 66 years of age and has health issues.*

(d) The retirement benefits of the parties: *The Plaintiff has retirement benefits which will be shared between the parties. The Defendant has retirement benefits which are in pay out status.*

(e) The duration of the marriage: *The parties were married March 18, 1980. The duration is 34 years.*

(f) The extent to which it would be inappropriate for a party because that party will be custodian of a minor child of the marriage, to seek employment outside of the home: *The parties do not have minor children; however, the Defendant is 66 years old and the sole care giver of the parties' disabled child.*

(g) The standard of living of the parties established during the marriage: *No testimony was given as to the standard of living, but the parties' home was fully paid and both parties were employed during the marriage, indicat[ing] a middle class life style.*

(h)    The relative extent of education of the parties: *No testimony was given as to the relative extent of education of the parties.*

(i)    The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties:  *The parties will have equal assets.  The Defendant has to pay off the debt from the Bankruptcy Plan which is marital debt.  The Plaintiff has a note on his home, however, it is a two family.  The Defendant's home is paid in full.*

(j)    The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party:  *N/A*

(k)    The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought: *N/A*

(l)    The tax consequences, for each party, of an award of spousal support: *Spousal support will be deductible from the Plaintiff's income and taxable to the Defendant.*

(m)    The lost income production capacity of either party that resulted from that party's marital responsibilities:  *The Defendant testified to lost time at work due to her duties for the parties' disabled son.*

(n)    Any other factor that the court expressly finds to be relevant and equitable: *The Defendant is in poor health and has to take care of the parties' child who is disabled with cerebral palsy and seizure disorder.  She cares for him at all times except when he is at daycare.  His care involves cleaning him, bathing him, cutting his hair, dressing him and preparing his food.*

{¶6} Upon considering the above factors, the trial court found it was appropriate and reasonable for Paul to pay Leasie spousal support in the amount of $1,200 per month.  The court further ordered Paul to pay an additional $240 per month in arrears.

{¶7} Paul has appealed the determination of spousal support. He raises three assignments of error for our review.

{¶8} Paul's first and second assignments of error provide as follows:

The trial court erred by arbitrarily and unreasonably awarding [Leasie] $1,200.00 in monthly spousal support and $240.00, in arrears, without considering [Paul's] monthly mortgage payment of $1030.00 and truck payment of $960.00, and expenses as liabilities therefore, factors in determining the amount of spousal support.

The trial court erred by arbitrarily and unreasonably awarding [Leasie] $1,200.00 in monthly spousal support and $240.00, in arrears, without considering that [Leasie] will be receiving a $43,000 pay out from [Paul's] 401 ING account, a relevant factor in determining the amount of spousal support.

{¶9} We review spousal support determinations under an abuse of discretion standard. *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 24, 550 N.E.2d 178 (1990). An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶10} In determining whether spousal support is appropriate and reasonable, the trial court must consider the factors listed in R.C. 3105.18(C). In making its determination, "the court must consider all the factors listed in R.C. 3105.18(B) and not base its determination upon any one of those factors taken in isolation." *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 96, 518 N.E.2d 1197 (1988). The trial court must articulate "the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." *Id*. at 97.

{¶11} Here, the trial court examined each of the R.C. 3105.18(C) factors. The court determined that $1,200 per month is an appropriate and reasonable amount of spousal support.

{¶12} Paul asserts that he testified he believed his offer of $700 per month was fair based upon his financial circumstances. It is his position that spousal support of $1,200 per month will amount to a financial hardship. According to Paul, his monthly expenses total approximately $3,328.96, excluding the monthy mortgage and truck payments. He claims the trial court failed to consider his monthly mortgage payment of $1,030 and his monthly truck payment of $960. Paul testified that his biweekly net earnings were $2,103.89, which included a deduction of $480 for half of his truck payment, and that he had very little money after paying his bills. He also claims the court did not consider that Leasie will be receiving an approximately $43,000 payout from his 401(k) ING account. Further, he asserts that there was no evidence that his son's needs were not being met or that additional funds were necessary for his care, and that it is unclear what amount of the award was granted for his son's care.

{¶13} Initially, we recognize that there is no worksheet or set calculation for determining a presumptively correct amount of spousal support. Rather, the trial court is required to consider multiple factors, all of which must be weighed, in arriving at an appropriate and reasonable amount of spousal support. *Collins v. Collins*, 9th Dist. Wayne No. 10CA0004, 2011-Ohio-2087, ¶ 16.

{¶14} Our review reflects that the judgment entry listed the value of the parties' assets, which included their vehicles, homes, pensions, and retirement plans. The court also considered their debts, which included Paul's mortgage for his residence and the loan on Paul's vehicle. The court balanced the negative equity in Paul's residence against Leasie's payment of the bankruptcy debt, which was deemed marital. The judgment entry reflected the court's equitable division of the parties' marital property. Included in that division was an award of $43,250 to Leasie from Paul's 401(k) ING account.

{¶15} In determining spousal support, the trial court took into account the assets and liabilities of the parties, including Paul's note on his home. The court did not attribute any rental income to Paul's home, but considered its potential by noting it was a two-family home. Although the court did not specifically reference Paul's vehicle loan in regard to its spousal support determination, evidence regarding this loan had been presented to the court and it was listed under the court's division of marital assets. Furthermore, although his monthly mortgage and truck payments were not mentioned, it is recognized that "a trial court need not acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C), and we may not assume that the evidence was not considered." *Hutta v. Hutta*, 177 Ohio App.3d 414, ¶ 27, 2008-Ohio-3756, 894 N.E.2d 1282 (5th Dist.).

{¶16} Here, the trial court heard the testimony and reviewed the evidence as to each party's income and expenses. The court also heard testimony regarding Leasie's care of the parties' disabled adult son.

{¶17} The trial court appropriately considered all of the statutory factors in its determination of spousal support. The judgment entry reflects that the court equalized the division of assets, the trial court indicated that Paul had retirement benefits, "which will be shared between the parties[,]" and the court considered Paul's debts. Further, the record reflects that this was a long-term marriage, that Paul earns more than twice of Leasie's yearly income, that both parties have retirement benefits, and that Leasie has the responsibility of caring for their disabled adult son. The court set forth sufficient detail to enable a review of the appropriateness and reasonableness of the award.

{¶18} We find that there was no abuse of discretion in the trial court's decision to award Leasie spousal support in the amount of $1,200 per month and that the result was equitable. The first and second assignments of error are overruled.

{¶19} Under his third assignment of error, Paul claims as follows:

> The trial court erred by arbitrarily and unreasonably awarding [Leasie] any spousal support whatsoever prior to July 21, 2014, when an Order from the United States Bankruptcy Court granting her Motion for Relief from Stay was filed in the trial court.

Paul did not raise this argument in the trial court, and he has failed to provide any law or argument to substantiate his claim as required by App.R. 16(A)(7). Accordingly, we summarily overrule the third assignment of error.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
MARY EILEEN KILBANE, J., CONCUR