[Cite as *Swingle v. Swingle*, 2016-Ohio-402.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CONNIE R. SWINGLE | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2015-0035 |
| | : | |
| MARK B. SWINGLE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Muskingum County
Court of Common Pleas, Domestic
Relations Division, Case No. DB2013-
0637


JUDGMENT:    AFFIRMED


DATE OF JUDGMENT ENTRY:    January 29, 2016


APPEARANCES:

For Plaintiff-Appellee:    For Defendant-Appellant:

SCOTT E. WRIGHT    MILES D. FRIES
7662 Slate Ridge Blvd.    320 Main Street
Reynoldsburg, OH 43068    P.O. Box 190
    Zanesville, OH 43702-0190

*Delaney, J.*

{¶1}   Defendant-Appellant Mark B. Swingle appeals the May 7, 2015 Judgment Entry Final Decree of Divorce issued by Muskingum County Court of Common Pleas, Domestic Relations Division.

### FACTS AND PROCEDURAL HISTORY

{¶2}   Plaintiff-Appellee Connie R. Swingle and Defendant-Appellee Mark B. Swingle began a relationship in 1977. Wife, born on April 9, 1960, was 17 years old and Husband, born on May 15, 1950, was 27 years old when they began cohabitating. Wife graduated from high school in 1978.

{¶3}   Wife helped her grandmother clean offices for forty-dollars a week until approximately 1989 when her grandmother was too old to perform the work. Husband allowed Wife to work with her grandmother because she was family, but Husband did not want Wife to work outside of the home. Wife discontinued working and she maintained the home and their other property.

{¶4}   Wife and Husband separated in 1993. Wife moved out and purchased her own home. Wife worked as a cook in a restaurant until 1997. In 1994, Wife and Husband reconciled and Wife moved back into their home. Husband and Wife were legally married on July 18, 1997. Wife quit her job and held no other form of employment outside of the home for the duration of their marriage.

{¶5}   Wife moved out of the marital home in 2012 and withdrew $78,000 from a joint checking account. Wife deposited the funds into a new account held solely in her name. Pursuant to an agreement between the parties, Wife withdrew $1,800.00 per month from the account to pay her living expenses. Wife testified she was physically

disabled and unable to work due to cirrhosis of the liver. She was ineligible for social security disability benefits because she lacked enough quarters of employment history to qualify.

{¶6} Husband has ownership interest in various family businesses named Swingle Drilling, Three Swing Property, SDI Steel, New Burley-Winter Pottery, and Swingle Properties. Husband also managed rental properties owned by a family business. In recent years, Husband's sole income was from his employment with the family business named Petro Ware. At the time of the hearing, Petro Ware was sold to another company and Husband was retained only as an independent contractor, affecting Husband's income. Husband was 65 years old and considered applying for social security benefits. Husband, and therefore Wife, lost health benefits when Petro Ware was sold.

{¶7} Wife filed a complaint for divorce on July 15, 2013. A hearing was held before the magistrate on June 26, 2014. At the time of the hearing, Wife was 54 years old and Husband was 65 years old. Wife requested the trial court establish a de facto marriage date from 1977 to the date of the hearing. Wife also requested an equitable distribution of the marital assets and spousal support.

{¶8} On July 15, 2014, the magistrate issued its decision. Relevant to this appeal, the magistrate ordered Husband to pay Wife $1,450.00 per month in spousal support. The term of spousal support was indefinite. The trial court retained jurisdiction as to amount and duration.

{¶9} On September 25, 2014, Husband filed a motion for new trial. Husband requested a new trial to introduce exhibits that were not available at the original hearing. The trial court granted the motion for new trial.

{¶10} Husband and Wife submitted proposed amendments to the magistrate's decision in October 2014. Neither proposed amendment altered the award of spousal support. The trial court issued an amended magistrate's decision on November 3, 2014. The original spousal support award remained the same.

{¶11} Husband filed objections to the amended magistrate's decision on December 1, 2014. Husband argued the magistrate erred in awarding spousal support to Wife. Wife also filed objections to the amended magistrate's decision.

{¶12} On March 11, 2015, the trial court overruled Husband's objections as to spousal support. The trial court approved and adopted the amended magistrate's decision. The judgment entry final decree of divorce was filed on May 7, 2015.

{¶13} It is from this judgment entry Husband now appeals.

## ASSIGNMENT OF ERROR

{¶14} Husband raises one Assignment of Error:

{¶15} "THE AWARD OF SPOUSAL SUPPORT WAS ARBITRARY AS IT DID NOT BALANCE APPELLEE'S NEED FOR SUPPORT WITH THE APPELLANT'S ABILITY TO PAY."

## ANALYSIS

{¶16} Husband argues in his sole Assignment of Error that the trial court abused its discretion when it awarded spousal support to Wife. We disagree.

{¶17} A trial court's decision concerning spousal support may be altered only if it constitutes an abuse of discretion. *Kunkle v. Kunkle,* 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore*

*v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). R.C. 3105.18(C)(1)(a) through (n) set forth factors a trial court is to consider in determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, terms of payment, and duration of spousal support:

(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

{¶18} (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability

of the other party, including, but not limited to, any party's contribution to the

acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal

support to acquire education, training, or job experience so that the spouse

will be qualified to obtain appropriate employment, provided the education,

training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from

that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and

equitable.

{¶19} Trial courts must consider all the factors listed in R.C. 3105.18(C). We have previously held that a trial court need not acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C) and we may not assume that the evidence was not considered. *Hutta v. Hutta,* 177 Ohio App.3d 414, 2008–Ohio–3756, 894 N.E.2d 1282, ¶ 27 (5th Dist.), citing *Clendening v. Clendening,* 5th Dist. Stark No.2005CA00086, 2005–Ohio–6298, ¶ 16. The trial court must set forth only sufficient detail to enable a reviewing court to determine the appropriateness of the award. *Id.,* citing *Kaechele v. Kaechele,* 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988).

{¶20} Examining the trial court's findings relative to spousal support, we find no abuse of discretion and our review of the record reveals the presence of credible evidence supporting the trial court's determinations. The trial court noted it considered the factors

set forth in R.C. 3105.18 in determining the amount of spousal support. The trial court stated:

> The Court considered all relevant factors within ORC §3105.18(C) including, but not limited to the following: wife's total inability to generate earned income because of her medical condition, wife's ability to generate a modest amount of investment income from the marital funds awarded to her, the liquid nature of the assets awarded to wife, wife's near total economic dependence upon husband throughout the entire marriage (and during their lengthy pre-marital co-habitation), wife's need to maintain health insurance, wife's living expenses. husband's age, husband's eligibility for social security retirement benefits and Medicare, husband's present lack of earned income, husband's ability to continue working, the speculative nature of any future income from husband's business interests, husband's living expenses.

{¶21} The parties cohabitated for 20 years and were married for 17 years, during which Wife was employed two times. For the majority of their relationship, Wife did not work outside of the home at the behest of Husband. The evidence in the record shows that while Wife was 54 years old, she was in poor health and physically unable to work.

{¶22} Husband argues the trial court's award of spousal support will not allow him to meet his expenses. Creating negative cash flow does not necessarily lead to a finding of an abuse of discretion. *Compton v. Compton*, 5th Dist. Stark No. 2014CA00207, 2015-Ohio-4327, ¶ 20 citing *Taylor v. Taylor,* 5th Dist. Stark No.2013CA00130, 2013–Ohio–4958, ¶ 23. The standard of living achieved by the parties during their marriage is often

altered upon termination. See, *Kaechele,* supra, 35 Ohio St.3d at 95, 518 N.E.2d 1197. Equity requires that a party receive sufficient sustenance alimony to bring him or her to a reasonable standard of living as that established during the marriage. See, *Buckles v. Buckles,* 46 Ohio App.3d 102, 946 N.E.2d 950 (10th Dist.1988). The amended magistrate's decision thoroughly examined Husband's financial circumstances and determined an award of spousal support to Wife was appropriate and reasonable. The record before this Court supports the trial court's determination as to spousal support.

{¶23} Husband's sole Assignment of Error is overruled.

## CONCLUSION

{¶24} The judgment of the Muskingum County Court of Common Pleas, Domestic Relations Division is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.