[Cite as *Hill v. Hill*, 2018-Ohio-4695.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RICKEY J. HILL | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| LEVI HILL | : | Case No. 18 CAF 02 0014 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Delaware County Court of Common Pleas, Domestic Relations Divison, Case No. 16-DR-B-12-0593

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT:    November 20, 2018

APPEARANCES:

For Plaintiff-Appellee

DOUGLAS B. DOUGHERTY
Dougherty, Hanneman & Snedaker, LLC
3010 Hayden Road
Columbus, Ohio 43235

For Defendant-Appellant

RANDY S. KUREK
Kurek Law, LLC
5458 Albany Ridge
New Albany, Ohio 43054

*Baldwin, J.*

**{¶1}**   Defendant-appellant Levi Hill appeals from the January 19, 2018 Final Judgment of the Delaware County Court of Common Pleas, Domestic Relations Division.

## STATEMENT OF THE FACTS AND CASE

**{¶2}**   Appellant Levi Hill and appellee Rickey Hill were married on February 14, 1981. On December 20, 2016, appellee filed a "Complaint for Divorce Without Minor Children" against appellant. Appellant filed an answer to the complaint on February 24, 2017 and a counterclaim on November 13, 2017. Appellee filed a reply to the counterclaim on November 15, 2017.

**{¶3}**   A final hearing was held on January 12, 2018.  Prior to the hearing, the parties had filed joint stipulations on all issues except spousal support. The trial court, in a Final Judgment filed on January 19, 2018, granted the parties a divorce and divided the parties' property and debt. The trial court also ordered appellant to pay spousal support to appellee in the amount of $500.00 a month for an indefinite period of time. The trial court did not retain jurisdiction to modify spousal support.

**{¶4}**   Appellant now appeals from the trial court's January 19, 2018 Final Judgment, raising the following assignments of error on appeal:

**{¶5}**   "I. THE TRIAL COURT ERRED AS MATTER OF LAW IN FAILING TO CONSIDER AND SET FORTH THE FACTS AND EVIDENCE RELATING TO SPOUSAL SUPPORT AND THE FACTORS ENUMERATED IN R.C. 3105.18."

**{¶6}**   "II. THE TRIAL COURT'S DETERMINATION AS TO SPOUSAL SUPPORT WAS CONTRARY TO LAW, AND AN ABUSE OF DISCRETION."

{¶7} "III. THE TRIAL COURT'S DETERMINATION AS TO THE NON-MODIFIABILITY OF SPOUSAL SUPPORT WAS CONTRARY TO LAW, AND AN ABUSE OF DISCRETION."

I

{¶8} Appellant, in his first assignment of error, argues that the trial court failed to consider and set forth the facts and evidence relating to spousal support and the factors enumerated in R.C. 3105.18. We agree.

{¶9} Initially, we note that an award of spousal support will be reversed on appeal only if an abuse of discretion is shown. *Bechtol v. Bechtol* , 49 Ohio St.3d 21, 24, 550 N.E.2d 178, 181 (1990). The term "abuse of discretion" connotes more than an error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or capricious. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A reviewing court may not substitute its judgment for that of the trial court unless, considering the totality of circumstances, the trial court abused its discretion. *Holcomb v. Holcomb* , 44 Ohio St.3d 128, 131, 541 N.E.2d 597 (1989).

{¶10} Pursuant to R.C. 3105.18(B), a trial court may award reasonable spousal support to either party upon request and after the court determines the division or disbursement of property under R.C. 3105.171.

{¶11} In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, terms of payment, and duration of  spousal support, R.C. 3105.18(C)(1) directs the trial court to consider all 14 factors set forth therein:

**{¶12}** "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

**{¶13}** "(b) The relative earning abilities of the parties;

**{¶14}** "(c) The ages and the physical, mental, and emotional conditions of the parties;

**{¶15}** "(d) The retirement benefits of the parties;

**{¶16}** "(e) The duration of the marriage;

**{¶17}** "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

**{¶18}** "(g) The standard of living of the parties established during the marriage;

**{¶19}** "(h) The relative extent of education of the parties;

**{¶20}** "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

**{¶21}** "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

**{¶22}** "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

**{¶23}** "(l ) The tax consequences, for each party, of an award of spousal support;

**{¶24}** "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

**{¶25}** "(n) Any other factor that the court expressly finds to be relevant and equitable."

**{¶26}** Trial courts must consider all the factors listed in R.C. 3105.18(C). We have previously held that a trial court need not acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C) and we may not assume that the evidence was not considered. *Hutta v. Hutta,* 177 Ohio App.3d 414, 2008–Ohio–3756, 894 N.E.2d 1282, ¶ 27 (5th Dist.), citing *Clendening v. Clendening,* 5th Dist. Stark No.2005CA00086, 2005–Ohio–6298, ¶ 16. The trial court must set forth only sufficient detail to enable a reviewing court to determine the appropriateness of the award. *Id.,* citing *Kaechele v. Kaechele,* 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988).

**{¶27}** We find that the trial court's decision does not include sufficient information regarding the 14 "(18)(C)" factors to enable us to assess whether the award is fair, equitable, and in accordance with the law. While the trial court, in its January 19, 2018 Final Judgment, stated that it considered all the factors set forth in R.C. 3105.18 in determining spousal support, there is no discussion of the factors. Although the trial court awarded spousal support, it did not make specific factual findings regarding this determination. Pursuant to *Kaechele, supra,* the trial court was required to indicate the basis for the spousal support award in sufficient detail to enable review. Without such detail, we are unable to review the propriety of the order.

**{¶28}** Based on the foregoing, appellant's first assignment of error is sustained under the authority of *Kaechele, supra.*

II, III

**{¶29}** Appellant, in his second assignment of error, contends that the trial court's award of spousal support was contrary to law and was an abuse of discretion. In his third assignment of error, he maintains that the trial court erred in failing to retain jurisdiction to modify spousal support.

**{¶30}** Based on our disposition of appellant's first assignment of error, appellant's second and third assignments of error are moot.

**{¶31}** Accordingly, the final Judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is reversed and the case remanded to the trial court for specific findings of fact and conclusions of law in accordance with this Opinion and law as to its order of spousal support.

By: Baldwin, J.

Hoffman, P.J. and

Wise, Earle, J. concur.